UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-24504-CIV-GOODMAN

[CONSENT CASE]

PEDRO FERRAN GARLOBO,

    Plaintiff,

v.

CENTRAL TIRE CORP., et al.,

    Defendants.
_____/

## ORDER

This Cause is before the Court on Plaintiff Pedro Ferran Garlobo's ("Garlobo") Motion for Reconsideration. [ECF No. 42]. The Court has reviewed the motion and the pertinent portions of the record. For the reasons stated below, the Court **denies** Garlobo's reconsideration motion.

I.    **RELEVANT BACKGROUND**

At the April 16, 2013 telephonic status conference, the parties represented that they had settled this Fair Labor Standards Act ("FLSA") case. [ECF No. 39]. In order to evaluate the settlement's fairness, the Court ordered Garlobo to file a motion to approve the parties' settlement agreement and to attach all relevant billing records and supporting documentation. [ECF No. 38].

On April 23, 2013, Defendants filed a Status Report Regarding Settlement. [ECF No. 40]. In their Status Report, Defendants advised that Garlobo had refused to provide a copy of the retainer agreement between him and his counsel (the "Retainer Agreement"), which Defendants contend he is required to do under the District Court's Order[1] and the parties' settlement documents. [ECF Nos. 7; 40-1]. That same day, but before Garlobo filed a response to the Status Report, this Court entered an Order requiring Garlobo to provide a redacted copy of the Retainer Agreement. [ECF No. 41].

The next day, April 24, 2013, Garlobo filed the instant reconsideration motion. In it, Garlobo requests that the Court reconsider its Order requiring Garlobo to provide a redacted copy of the Retainer Agreement. [ECF No. 44]. Garlobo argues that he does not need to provide the Retainer Agreement because: (1) the settlement here is not a compromise and, as such, no judicial oversight is required; (2) the settlement is not a compromise and, thus, the District Court's Order is inapplicable; or (3) he has detailed the contents of the Retainer Agreement and provided his counsel's fee ledger and has therefore given the Court sufficient detail to evaluate the settlement. [*Id.*].

The Court vacated its Order requiring Garlobo to provide a copy of the Retainer Agreement and ordered Defendants to respond to Garlobo's reconsideration motion. [ECF No. 43]. Defendants timely filed their response. [ECF No. 44]. Garlobo did not file a reply and the time to do so has now expired.

---

[1] The parties consented to the Undersigned's jurisdiction on February 28, 2013. [ECF Nos. 19; 20].

## II. DISCUSSION

### A. The Issue Before the Court

As noted above, the Court has vacated its Order requiring Garlobo to produce the Retainer Agreement. Thus, the issue now facing the Court is not whether to reconsider that Order (as it has been vacated), but rather whether Garlobo must produce the Retainer Agreement as part of the Court's evaluation of the settlement's fairness. Phrased differently, the Court will treat Garlobo's reconsideration motion for what it is: a motion to not produce the Retainer Agreement.

### B. Judicial Oversight of This FLSA Settlement

Garlobo first argues that because he is settling for the full amount of his FLSA claim, no judicial approval of the settlement is required. [ECF No. 42, pp. 1, 4]. In support of this argument, Garlobo cites to *Mackenzie v. Kindred Hospitals E., L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003). The Court finds this argument unpersuasive.

First, *Mackenzie* is not binding authority on this Court. *Demosthenes v. Florida Bottling, Inc.*, No. 08-60889-CIV, 2008 WL 4382847, at *1 (S.D. Fla. Sept. 25, 2008) (rejecting *Mackenzie*'s non-judicial oversight of FLSA settlement). The Eleventh Circuit has not yet decided if judicial oversight is required when full satisfaction of an FLSA claim is made. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) ("We do not say what, if any, judicial oversight applies under *Lynn's Food* when full satisfaction of the

3

FLSA claim is made . . . ."). Thus, contrary to Garlobo's claim, there is no binding legal authority which immunizes the full satisfaction of FLSA claims from judicial oversight.

Second, without deciding the judicial oversight issue, the Court finds that *Mackenzie* is easily distinguishable. *Mackenzie* involved a Fed. R. Civ. P. 68 offer of judgment. *Mackenzie,* 276 F. Supp. 2d at 1213-17. The instant settlement did not arise from a Rule 68 offer.[2] Moreover, as noted by the same district judge who authored it, the *Mackenzie* mechanism is unavailable "if the parties' proposed 'full compensation' agreement includes an additional term-such as the forbearance of a valuable right of the employee, including perhaps one of the employee's FLSA rights, or the exchange of another valuable consideration of any kind . . . ." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010). The settlement here contains these kind of additional terms, such as Garlobo not communicating with Defendants' current employees regarding this or other disputes. [ECF No. 42-2, p. 3]; *Dees,* 706 F. Supp. 2d at 1240.

Finally, Garlobo **specifically agreed in the settlement documents that the Court's approval of this settlement is necessary**. [ECF No. 42-2, pp. 1, 3]. Garlobo cannot now claim that the settlement is not subject to Court approval because he does not want to produce the Retainer Agreement.

---

[2] Defendants previously filed a motion to dismiss Garlobo's FLSA claim based on their Rule 68 offer. [ECF No. 24]. However, at the hearing to determine when Garlobo had to file his response to that motion, the parties announced that they had settled the case notwithstanding Defendants' Rule 68 offer. [*See* ECF Nos. 29; 30; 31; 32; 33; 34; 38; 39]. Thus, at this time, the Court need not rule on Defendants' motion.

### C. The District Court's Order

Garlobo next argues that the plain language of the District Court's Order does not require him to file the Retainer Agreement. The District Court's Order states in relevant part:

> If the Parties compromise this action through settlement, the Court requires a copy of the attorney's retainer agreement as well as full documentation of all hours supporting the lodestar if attorney's fees are or were paid as part the settlement.

[ECF No. 7]. Garlobo argues that the District Court's requirement that he file the Retainer Agreement is inapplicable because there was no compromise here. The Court rejects Garlobo's interpretation.

First, the District Court's Order is clear that in order to evaluate the FLSA settlement **both** "the attorney's retainer agreement **as well as** full documentation" of the attorney's hours must be submitted. [*Id.* (emphasis added)]. If the District Court had sought to distinguish, as Garlobo does, between the review of a compromised FLSA settlement and a non-compromised FLSA settlement, then it would have done so. But the District Court's Order makes no such distinction, and this Court will not read in such a distinction.

Second, Garlobo's argument is inconsistent. As noted, the District Court's Order is clear that **both** the Retainer Agreement and documentation of counsel's hours must be submitted. On one hand, Garlobo strenuously argues that he does not have to submit

the Retainer Agreement because, according to him, the District Court's Order is inapplicable. On the other hand, Garlobo has complied with the District Court's Order and submitted his counsel's fee ledger which sets out his attorneys' hours. [ECF No. 42-1]. Garlobo cannot have it both ways: the District Court's Order is either applicable or it is not. Thus, stripped to its core, Garlobo's argument is nothing more than an impermissible attempt to pick and choose those portions of the District Court's Order on which he wishes to comply.

Finally, Garlobo agreed in the settlement documents that the District Court's Order required him to provide a copy of the Retainer Agreement. [ECF No. 42-2, p. 2 ("**Pursuant to this Court's Notice of Court Practice in FLSA cases (DE 7), a copy of the attorney's retainer agreement as well as full documentation of all hours supporting the lodestar are attached as Exhibits "A" and "B" hereto.**") (emphasis in original)].

### D. The Attorney's fee Details in the Reconsideration Motion

Garlobo's final argument is that he does not need to file the Retainer Agreement because in his reconsideration motion he detailed the contents of the Retainer Agreement and provided the Court with his attorney's fee ledger. The Court rejects this argument.

First, as the Court previously found, the District Court's Order requires Garlobo to produce both the Retainer Agreement **and** the fee ledger. Second, the Court can see no discernible logical reason to disclose the *contents* of the Retainer Agreement but not

to produce the actual Retainer Agreement. Indeed, Garlobo's hesitance to do so only weighs in favor of having him provide the Retainer Agreement so that the Court can determine the settlement's fairness.

### III. CONCLUSION

For the reasons stated above, it is ORDERED as follows:

1. Garlobo's Reconsideration Motion [ECF No. 42] is **denied**.

2. On or before June 12, 2013, Garlobo shall provide Defendants with a copy of the Retainer Agreement, so that it may be submitted to the Court, along with billing records, for a fairness evaluation. If Garlobo legitimately believes that certain portions of the Retainer Agreement are confidential, then he may provide a redacted copy to Defendants. Nevertheless, the copy provided must reveal the percentage of the recovery which Garlobo's counsel is entitled to under different scenarios.

**DONE AND ORDERED** in Chambers, Miami, Florida, June 5, 2013.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE